IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CRYSTAL VORN : | |
| : | CIVIL ACTION |
| v. : | |
| : | NO. 12-6930 |
| MEGAN BRENNAN, POSTMASTER GENERAL : | |
| UNITED STATES POSTAL SERVICE : | |

**MEMORANDUM**

**SURRICK, J.**                                                                                                       **JUNE 27 , 2017**

Presently before the Court is Defendant's Motion to Dismiss for Failure to Prosecute. (ECF No. 11.) For the following reasons, Defendant's Motion will be denied.

**I.    BACKGROUND**

This matter involves the requested dismissal of claims that have, until recently, been dormant for several years. Plaintiff Crystal Vorn ("Plaintiff" or "Vorn") alleges that she was discriminated against as an employee of the United States Postal Service. She alleges that she was forced to work on Saturdays and was forced to work ten (10) hour days while male employees were not forced to work Saturdays and were not forced to work ten (10) hour days. Defendant Postmaster General of the United States, Megan Brennan ("Defendant" or "Brennan"), does not contest these allegations in this Motion. Rather, Defendant argues that because Plaintiff failed to diligently pursue an action before the EEOC while the instant case sat in suspense for more than three years, the instant action should be dismissed for failure to prosecute.

A.  The EEOC Actions

On March 8, 2010, Plaintiff filed a complaint with the EEOC.[1]  (Mot. to Dismiss 2.)  The Complaint alleged that as Postmaster of the Gladwyne Post Office in 2009, Plaintiff was required to work on Saturdays and was forced to forfeit earned annual leave.  (*Id.* at 2-3.)  On March 11, 2011, the Postal Service filed a motion for a decision without a hearing.  (*Id*. at 3.)  Plaintiff did not submit opposition to the motion.  (*Id*.)  On September 4, 2012, an EEOC Administrative Judge issued an order entering judgment in favor of the Postal Service due to Plaintiff's failure to present a prima facie claim of gender discrimination or discriminatory harassment.  (*Id*.)  On December 12, 2012, after receiving a Notice of Right to Sue from the EEOC, Plaintiff filed a Complaint in this Court.  (Compl., ECF No. 1.)

On February 9, 2011, before Plaintiff filed her Complaint in this Court, Plaintiff filed a second complaint with the EEOC that raised issues similar to those in the first EEOC complaint.  (Mot. to Dismiss 3, ECF No. 11.)  On March 14, 2012, Olugbenga Abiona, Esq. entered an appearance on behalf of Plaintiff and on April 16, 2012, Abiona sent a request for the deposition of several of Defendant's employees.  (*Id*.)  On May 16, 2012, Defendant's counsel provided Plaintiff's counsel with proposed deposition dates, and followed up with Plaintiff's counsel on June 4, 2012, with regard to the deposition dates.  (*Id.*)  On August 24, 2012, the Administrative Judge dismissed the second EEOC complaint without prejudice for a period of three months in order to provide Plaintiff's counsel three months to take the requested depositions.  (*Id.*)

Between January 8, 2013 and January 22, 2013, counsel for Plaintiff and Defendant exchanged a series of emails discussing the deposition dates.  (*Id*.)  Defendant claims that after January 22, Plaintiff's counsel no longer responded to Defendant's emails.  (*Id.* at 4.)  As a

---

[1] Much of the procedural background is derived from the Declaration of Jennifer Breslin, the Deputy Managing Counsel for the Eastern Area Law Office of the United States Postal Service.  (*See* Breslin Decl., Mot. to Dismiss Ex. 1.)

result, Defendant filed a motion for a decision without a hearing on July 2, 2013. (*Id.*) The parties dispute the series of events that took place thereafter: Defendant contends that after January 22, Plaintiff's counsel did not communicate with the Postal Service, and also failed to correspond with the Administrative Judge. (*Id.*) Defendant also contends that Plaintiff's counsel never took steps to schedule the witness depositions. (*Id.*) Plaintiff's counsel argues that Defendant's counsel was called in an attempt to schedule depositions, but did not respond with specific dates for each witness. (Resp. to Mot. to Dismiss 4.) Plaintiff's counsel also contends that he periodically contacted the EEOC to check the status of the July 2 motion. (*Id.*) Notwithstanding these disagreements, it is undisputed that the Administrative Judge never ruled on the July 2 motion.

**B.     Procedural History**

On February 19, 2013, Defendant filed a motion to place the December 12, 2012 action in suspense. (ECF No. 4.) We granted the Motion. (*Id.*) On September 21, 2016, Plaintiff requested that the Administrative Judge dismiss the second EEOC action. (Resp. to Mot. to Dismiss Ex. D.) On November 1, 2016, the Administrative Judge granted the request and dismissed the complaint. (*Id.* Ex. E.) On November 11, 2016, Plaintiff requested that this Court remove the case from suspense. Plaintiff's request was granted on November 17, 2016. (Order, ECF No. 6.)

On November 29, 2016, Plaintiff filed an Amended Complaint. (ECF No. 7.) On January 30, 2017, Defendant filed an Answer to the Amended Complaint (ECF No. 10), as well as the instant Motion to Dismiss for Failure to Prosecute. (Mot. to Dismiss.) On February 10, 2017, Plaintiff filed a Response to Defendant's Motion to Dismiss. (Pl.'s Resp. ECF No. 12.) Defendant filed a Reply on February 17, 2017. (Def.'s Reply, ECF No. 13.)

3

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 41(b), "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). "The power to dismiss for failure to prosecute . . . rests in the discretion of the trial court and is part of its inherent authority to prevent undue delays in the disposition of pending cases and to avoid congestion in its docket." *Hewlett v. Davis*, 844 F.2d 109, 114 (3d Cir. 1988) (citing *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-30 (1962)). However, "[d]ismissal of an action is a sanction of last resort." *New-Howard v. JP Morgan Chase Bank, NA*, 660 F. App'x 144, 148 (3d Cir. 2016) (citation omitted); *see also Knoll v. City of Allentown*, 707 F.3d 406, 409 (3d Cir. 2013) ("[D]ismissals with prejudice are drastic sanctions" (citation omitted)). Nevertheless, "where a plaintiff's actions amount to the willful refusal to prosecute or blatant failure to comply with a district court order, dismissal for failure to prosecute is appropriate." *Roberts v. Ferman*, 826 F.3d 117, 123 (3d Cir. 2016) (citations omitted).

The Third Circuit has mandated that courts apply the following factors to evaluate whether dismissal for failure to prosecute is warranted:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984). In balancing the *Poulis* factors, there is no "magic formula" or "mechanical calculation." *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992). Furthermore, "no single *Poulis* factor is dispositive," *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003), and "not all of the *Poulis* factors need be

4

satisfied in order to dismiss a complaint." *Mindek*, 964 F.2d at 1373 (citation omitted). "The power of the court to prevent undue delays and to achieve the orderly disposition of cases must be weighed against the policy of law which favors disposition of litigation on its merits." *Marshall v. Sielaff*, 492 F.2d 917, 918 (3d Cir. 1974). "While consideration of the *Poulis* factors can help strike that balance, '[n]o precise rule can be laid down as to what circumstances justify a dismissal for failure to prosecute, but the procedural history of each case must be examined in order to make that determination.'" *In re Asbestos Prod. Liab. Litig. (No. VI)*, 718 F.3d 236, 246 (3d Cir. 2013) (quoting *Marshall*, 492 F.2d at 918).

## III.   DISCUSSION

Defendant claims that since Plaintiff's conduct satisfies the *Poulis* factors, the Amended Complaint should be dismissed. Plaintiff argues that Defendant's motion lacks merit, because Plaintiff has neither failed to prosecute her claims in this Court nor failed to comply with this Court's rules.

### A.   Present Diligence

Before we address the *Poulis* factors, we note the principle that "if the claim presently is being prosecuted with diligence, it cannot be dismissed by the district judge simply because at some earlier time the plaintiff was not doing so diligently." 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2370 (3d ed. 1998); *see also Marks v. San Francisco Real Estate Bd.*, 627 F.2d 947, 948 (9th Cir. 1980) ("[A]n earlier lack of diligence is not grounds for dismissal when the plaintiff is currently displaying diligence.").

On September 21, 2016, Plaintiff's counsel requested that the EEOC Administrative Judge dismiss the matter so that Plaintiff could pursue her claims with this Court. (Resp. to Mot. to Dismiss Ex. D.) On November 11, 2016, Plaintiff's counsel requested that this Court remove

5

the case from suspense.  (ECF No. 5.)  After the case was removed from suspense, Plaintiff filed an Amended Complaint.  Defendant then filed the instant Motion and Plaintiff diligently replied.  Moreover, since September 20, 2013, Plaintiff's counsel has consistently kept this Court advised with regard to the EEOC matter, as well as the desire to pursue the action with this Court once the matter is no longer in suspense.  (*See* Resp. to Mot. to Dismiss Ex. C.)[2]  Since Plaintiff is, at this time, diligently prosecuting the matter, it would be inappropriate to punish her for a failure to prosecute.  *See Niemeyer v. Williams*, No. 07-1103, 2011 WL 6179510, at *3 (C.D. Ill. Dec. 13, 2011) (finding dismissal inappropriate where the plaintiff timely responded to the defendant's motions, including a Rule 41(b) motion for dismissal).

In addition, the gist of Defendant's allegations is that Plaintiff failed to prosecute the EEOC action for nearly four years by not scheduling depositions, refusing to communicate with Defendant and the Administrative Judge, and not responding to Defendant's motions for a decision without a hearing.  (*See* Mot. to Dismiss 1 ("For almost four years, [P]laintiff did nothing to prosecute her EEO claims in the administrative process, nor did she take any steps to consolidate that EEO claim with this suspended district court case.").)  "Rule 41(b) is intended to allow judges to enforce orders pertaining to the progress of *their* cases." *In re Asbestos Prod.*, 718 F.3d at 248 (emphasis added).  We are aware of no authority, and Defendant has cited none, wherein a district court has granted a motion to dismiss for failure to prosecute a matter pending before an agency or another forum.  Defendant relies on *Windward Agency, Inc. v. Cologne Life Reinsurance Co.*, 123 F. App'x 481, 483 (3d Cir. 2005).  *Windward* is inapposite.  In *Windward*, the Court ordered that the plaintiff's breach of contract claim go to arbitration, but dismissed the

---

[2] Defendant claims that although Plaintiff may have sent this Court letters informing us of the pendency of the matter, Defendant did not receive most of the letters.  (Def.'s Reply 5.)  In any event, we received the letters, which indicated a willingness and desire to prosecute the instant matter once the stay was lifted.

suit over six years later after "no panel had been constituted and arbitration proceedings had not begun." *Id.* at 483. The instant matter is easily distinguished. In this case, Plaintiff has not failed to abide by any order imposed by this Court. Under the circumstances, Plaintiff's Amended Complaint will not be dismissed. Moreover, the *Poulis* factors do not dictate that Plaintiff's Complaint be dismissed.

    **B.**    ***Poulis* Factors**

        1.    *The Party's Personal Responsibility*

Under *Poulis*, we initially assess "the extent of the party's personal responsibility." 747 F.2d at 868. Defendant argues that, although Plaintiff was represented by counsel, Plaintiff "tacitly condoned her counsel's dilatory conduct and must bear some responsibility for the failure to prosecute." (Mot. to Dismiss 6.) Plaintiff counters that the majority of the blame rests with the Administrative Judge, who failed to take any action after Defendant filed her Motion to Dismiss without a hearing on July 2, 2013.

While "it is logical to hold a pro se plaintiff personally responsible for delays in his case because a pro se plaintiff is solely responsible for the progress of his case," *Briscoe v. Klaus*, 538 F.3d 252, 258-59 (3d Cir. 2008), "a client cannot always avoid the consequences of the acts or omissions of its counsel." *Poulis*, 747 F.2d at 868. The Third Circuit has "increasingly emphasized visiting sanctions directly on the delinquent lawyer, rather than on a client who is not actually at fault." *Carter v. Albert Einstein Med. Ctr.*, 804 F.2d 805, 807 (3d Cir. 1986).

The first factor does not weigh in favor of dismissal. It is important to focus on why "there was no action in the administrative EEO proceeding (or the district court case) for nearly four years." (Mot. to Dismiss 6.) On July 2, 2013, Defendant filed a motion for a decision without a hearing. (*Id.* at 3.) Plaintiff's counsel did not file a response, and the Administrative

7

Judge never made a ruling on the motion. (*Id.* at 4.) Plaintiff's failure to respond within the required fifteen days, and the Administrative Judge's failure to issue a ruling are matters of concern. *See* 29 C.F.R. § 1614.109(g)(2). However, the EEOC has at its disposal a mechanism to dismiss complaints for failure to prosecute. *See* 29 C.F.R. § 1614.107(a)(7) ("Prior to a request for a hearing in a case, the agency shall dismiss an entire complaint [w]here the agency has provided the complainant with a written request to provide relevant information or otherwise proceed with the complaint, and the complainant has failed to respond to the request within 15 days of its receipt . . . provided that the request included a notice of the proposed dismissal."). Moreover, the Administrative Judge could certainly have granted Defendant's motion without a response from Plaintiff.

Defendant argues that Plaintiff's counsel did not communicate with the judge after the motion was filed. Plaintiff's counsel submits that he periodically contacted the EEOC to check the status of the July 2 motion. We are unable to verify these claims. However, from September 2013 to April 2016, Plaintiff's counsel regularly kept this Court informed as to the pending status of the EEOC matter.[3] It is difficult to understand why Plaintiff's counsel would expend the effort to consistently inform this Court of the status of the matter and yet fail to communicate with the EEOC during the same time frame.

As discussed above, we cannot dismiss an action that was not diligently prosecuted in another forum. However, if blame is to attach to someone other than the Administrative Judge, it is to Plaintiff's counsel, not to Plaintiff herself. *See Matter of MacMeekin*, 722 F.2d 32, 35 (3d Cir. 1983) ("[C]ourts have tended to impose sanctions on the attorney when his delinquencies

---

[3] We note that while we received regular communications from Plaintiff between 2013 and 2016, we received no communication from Defendant, notwithstanding the fact that it was Defendant that requested that the case be placed in civil suspense. Moreover, the record does not reflect any communication between Defendant and the Administrative Judge with regard to Defendants' outstanding motion.

have caused the delay and the client is not personally guilty of any lack of diligence."). For these reasons, the first *Poulis* factor does not weigh in favor of dismissal.

### 2. *Prejudice to Defendant*

Next, we consider "the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery." *Poulis*, 747 F.2d at 868 (emphasis omitted). Defendant argues that because Plaintiff failed to prosecute the EEOC claim for nearly four years, the Postal Service has been prejudiced by Plaintiff's stale claims, since the lapse of time has caused witnesses' memories to fade. Plaintiff argues that the delay was due to the Administrative Judge's failure to rule on the July 2, 2013 motion for a decision without a hearing.

Prejudice does not require a showing of "irremediable harm" to the defendant, but rather a burden that impedes a party's ability to prepare effectively for trial. *Ware*, 322 F.3d at 222. "Examples of prejudice include actions that hinder a party's ability to conduct discovery, develop the factual record, and reach a speedy and fair resolution to the litigation." *Smith ex rel. El Ali v. Altegra Credit Co.*, No. 02-8221, 2004 WL 2399773, at *5 (E.D. Pa. Sept. 22, 2004) (citation omitted). "Evidence of prejudice to an adversary would bear substantial weight in support of a dismissal or default judgment." *Adams v. Trustees of NJ Brewery Employees' Pension Trust Fund*, 29 F.3d 863, 873-74 (3d Cir. 1994) (citation and internal quotation marks omitted).

We are not unsympathetic to Defendant's argument. This dispute commenced over seven years ago, and the factual allegations giving rise to the underlying case occurred between 2009 and 2011. Witnesses' memories can fade, and delay can hinder Defendant's discovery. As discussed above, however, the nearly four-year delay was due in large part to the Administrative

9

Judge's indecision with regard to the July 2, 2013 motion. The second *Poulis* factor considers whether a plaintiff causes prejudice by her "failure to meet scheduling orders and respond to discovery." *Poulis*, 747 F.2d at 868; *see also Ware*, 322 F.3d at 222 (finding that the plaintiff caused the defendant's prejudice by failing to timely produce documents during discovery); *Smith*, 2004 WL 2399773, at *5 (holding that the plaintiff caused prejudice by failing to attend pretrial conferences). Here, the EEOC action was unresolved due to inaction with regard to the July 2 motion, not Plaintiff's counsel's failure to take part in discovery. Moreover, this Court has not imposed any scheduling or discovery orders. Assuming that Plaintiff failed to meet the scheduling orders imposed by the Administrative Judge, we cannot punish Plaintiff's lack of diligence in another forum over which we do not exercise jurisdiction. The second factor does not weigh in favor of dismissal.

### 3. *History of Dilatoriness*

The third factor is a "history of dilatoriness." *Poulis*, 747 F.2d at 868. Defendant argues that "[P]laintiff failed to take any action to prosecute her EEO claim administratively for almost four years," and that she failed to schedule depositions and respond to the motion for a decision without a hearing. (Mot. to Dismiss 9.) Plaintiff argues that she did attempt to schedule depositions and that the delay here was caused by the Administrative Judge's dilatoriness.

"Extensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response to interrogatories, or consistent tardiness in complying with court orders." *Adams*, 29 F.3d at 874 (citations omitted); *see also McCollum v. Eagle Sec. Agency*, No. 97-6712, 1999 WL 727433, at *4 (E.D. Pa. Sept. 16, 1999) (maintaining that a plaintiff's lack of communication with a court is indicative of dilatory behavior). Courts have held that a

10

"history of dilatoriness weighs toward, but does not mandate, dismissal." *Adams*, 29 F.3d at 875.

Although Plaintiff may have exhibited some dilatory conduct with regard to the EEOC matter, we find that this factor cannot support dismissal. Witness depositions were not scheduled, which led to Defendant filing the July 2 motion. Plaintiff's counsel did not respond to the motion. Defendant contends that after the filing of the July 2 motion, Plaintiff's counsel did not communicate with Defendant. Such conduct is indicative of dilatory behavior. However, as noted above, Plaintiff's counsel has diligently kept this Court informed as to the status of the matter. *See contra Smith*, 2004 WL 2399773, at *6 (finding a history of dilatoriness when the plaintiff did not communicate with the court). Even though Plaintiff's counsel may have exhibited instances of dilatoriness in the EEOC matter, he has been forthcoming with this Court, has kept us informed, and has diligently responded to Defendant's motions.[4] The third factor does not weigh in favor of dismissal.

### 4. *Willful or Bad Faith Conduct*

The fourth *Poulis* factor concerns "whether the conduct of the party or the attorney was *willful* or in *bad faith*." *Poulis*, 747 F.2d at 868 (emphasis in original). Defendant argues that Plaintiff's inexplicable refusal to take any action in the EEOC matter for nearly four years "was intentional and designed to achieve some strategic advantage." (Mot. to Dismiss 10.) Plaintiff disclaims culpability, and deflects blame to the Administrative Judge, who delayed ruling on the July 2 motion.

When considering whether dismissal is appropriate, a court must evaluate whether the party's actions qualify as "the type of willful or contumacious behavior" that can be

---

[4] Again, Defendant cites no authority supporting the proposition that a district court can dismiss an action due to a plaintiff's conduct in another forum.

characterized as "flagrant bad faith." *Scarborough v. Eubanks*, 747 F.2d 871, 875 (3d Cir. 1984) (citation omitted). "Willfulness involves intentional or self-serving behavior." *Adams*, 29 F.3d at 875. The United States Supreme Court has held that a consistent failure to comply with a court's pretrial orders despite repeated warnings is sufficient evidence of the type of "flagrant bad faith" that warrants dismissal. *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 640-41, 643 (1976).

This *Poulis* factor also does not support dismissal. Plaintiff's counsel does not explain why he failed to respond to Defendant's motions for a decision without a hearing. Plaintiff's counsel also does not explain why scheduling dates to conduct witness depositions could not be agreed upon, or why he did not request that the Administrative Judge dismiss the action earlier. A lack "of reasonable excuses may suggest that the conduct was willful or in bad faith," *Roman v. City of Reading*, 121 F. App'x 955, 960 (3d Cir. 2005); however, "an absence of a good faith effort to prosecute . . . does not necessarily amount to willfulness or bad faith . . . ." *Adams*, 29 F.3d at 876. There is no indication here that Plaintiff's counsel's behavior "was strategic or self-serving." *Id.* (finding that the plaintiff's four-year delay in prosecuting a manner was not done in bad faith, where there was no evidence that indicated self-serving or strategic behavior).

Again we note that Plaintiff's counsel has consistently informed this Court of the pending status of the EEOC matter. Plaintiff also filed his Amended Complaint in a timely fashion and responded diligently to Defendant's motions. *See Scarborough*, 747 F.2d at 875 (finding that the plaintiff did not act in bad faith when all the required pleadings were timely filed). Despite a failure to diligently prosecute this matter in another forum, Plaintiff has not acted improperly or in bad faith before this Court. For these reasons, the fourth factor does not support dismissal.

     5.     *Alternative Sanctions*

The fifth *Poulis* factor is "the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions." *Poulis*, 747 F.2d at 868; *Adams*, 29 F.3d at 876 ("Before dismissing a case with prejudice, a district court should consider alternative sanctions."). Defendant argues that no alternative sanction "would serve the interest of justice." (Mot. to Dismiss 11.) Plaintiff offers no argument as to the appropriateness of alternative sanctions.

The Third Circuit has identified a number of alternative sanctions available to a court, including "a warning, a formal reprimand, placing the case at the bottom of the calendar, a fine, the imposition of costs or attorney fees . . . [or] the preclusion of claims or defenses . . . ." *Titus v. Mercedes-Benz of N. Am.*, 695 F.2d 746, 759 n.6 (3d Cir. 1982). The Third Circuit has instructed that alternative sanctions should always be explored due to the "drastic" consequences of dismissing an action, which is "reserved for those cases where there is a clear record of delay or contumacious conduct by the plaintiff." *Donnelly v. Johns-Manville Sales Corp.*, 677 F.2d 339, 342 (3d Cir. 1982).

Given the drastic nature of a court's dismissal of a case, a warning, reprimand or the imposition of a fine would serve as a more appropriate sanction here if a sanction was appropriate. *See Adams*, 29 F.3d at 876 (finding that lesser sanctions were appropriate in order to avoid "the extreme result of depriv[ing] the plaintiff of the right to have [its] claim adjudicated on the merits" (internal quotations omitted)); *Poulis*, 747 F.2d at 869 (finding that lesser sanctions were appropriate when there was a "pattern of attorney delay"). Even though there was a lengthy delay here, that delay occurred in another forum. A district court possesses the inherent authority to issue sanctions for bad-faith conduct, *see Chambers v. NASCO, Inc.*, 501 U.S. 32, 46 (1991), but Defendant cites no authority for the proposition that this Court can

13

punish Plaintiff when the conduct complained of occurred in another forum.  *See* Fed. R. Civ. Pro. 11(b) (allowing sanctions for "any pleading, written motion, or other paper" presented to the district court).  The fifth factor does not support dismissal.

### 6. *Merits of the Claim*

The sixth and final factor to assess under *Poulis* is "the meritoriousness of the claim or defense."  *Poulis*, 747 F.2d at 868.  Defendant argues that this factor is neutral, because "[P]laintiff's Amended Complaint states a discrimination claim, defendant offered various affirmative defenses in its answer to [P]laintiff's Amended Complaint and the Administrative Judge dismissed [P]laintiff's first EEO complaint for failure to present a *prima facie* case of discrimination." (Mot. to Dismiss 11-12.)  Plaintiff offers no counter-argument.

"[A] claim will be considered meritorious when the allegations of the pleading, if established at trial, would support recovery by plaintiff.  The meritoriousness of the claim for this purpose must be evaluated on the basis of the facial validity of the pleadings, and not on summary judgment standards." *Scarborough*, 747 F.2d at 875.  Moreover, a defense "will be deemed meritorious when the allegations of the pleadings, if established at trial, would . . . constitute a complete defense." *Poulis*, 747 F.2d at 870 (citations omitted).

Defendant concedes that Plaintiff's factual allegations in her Amended Complaint constitute a meritorious claim.  Defendant asserts he has meritorious defenses to Plaintiff's claims.  We agree with Counsel that this factor is neutral.

Plaintiff is currently pursuing the matter with diligence.  We will not dismiss this action for conduct that occurred in another forum.  Moreover, the *Poulis* factors do not support dismissal.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss Plaintiff's Amended Complaint for Failure to Prosecute will be denied.

An appropriate order follows.

BY THE COURT:

_____
**R. BARCLAY SURRICK, J.**